**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

VIVEK SHAH,

Plaintiff,

v.

DREXEL CHEMICAL COMPANY,

Defendant.

Case No.: 2:26-cv-01605-HDV-KES
Date: May 21, 2026
Time: 10:00 a.m.
Courtroom: 5B
Judge: Hon. Hernán D. Vera

Complaint Filed: February 11, 2026

Trial Date: None Set

**PLAINTIFF'S MOTION FOR ENTRY OF SCHEDULING ORDER AND FOR ORDER DIRECTING RULE 26(f) CONFENRENCE**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 21, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5B of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California, Plaintiff Vivek Shah, appearing *pro se*, will and hereby does move this Court for an order:

1. Entering a scheduling order under Federal Rule of Civil Procedure 16(b), or, alternatively, setting a prompt status or scheduling conference under Rule 16(b)(1)(B);
2. Directing the parties to conduct their Rule 26(f) conference within seven (7) days of the Court's order, or by such other date certain as the Court sets;
3. Directing the parties to file a joint Rule 26(f) report by a date certain, or, if Defendant continues refusing to participate, permitting the parties to file separate Rule 26(f) reports or permitting Plaintiff to file a unilateral report describing Defendant's nonparticipation;
4. Admonishing Defendant's counsel that a party may not unilaterally suspend or refuse compliance with Rules 16 and 26, or with the Court's standing order, absent a court order granting such relief; and
5. Granting such other and further relief as the Court deems just and proper.

This motion is made pursuant to Federal Rules of Civil Procedure 1, 16(b), 26(d), and 26(f), Central District of California Local Rules 6-1, 7-3, 7-4, and 7-5, and the Court's Civil Standing Order (Dkt. 9). This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Vivek Shah and Exhibit A thereto, the pleadings and records on file in this action, and such oral and documentary evidence as may properly be presented to the Court.

## STATEMENT REGARDING LOCAL RULE 7-3 AND NATURE OF MOTION

This motion is not a discovery motion governed by Local Rules 37-1 through 37-4. It does not seek to compel responses to interrogatories, requests for production, deposition testimony, or other substantive discovery. Rather, it seeks case-management relief under Rule 16 and direction regarding the parties' threshold Rule 26(f) obligations in light of Defendant's refusal to participate.

Plaintiff complied with Local Rule 7-3. On March 29, 2026, more than seven days before filing this motion, Plaintiff emailed defense counsel to request a real-time conference concerning the contemplated motion and to seek resolution without court intervention. Counsel did not provide availability or otherwise respond before this motion was filed. See Declaration of Vivek Shah ("Shah Decl.") ¶¶ 7-10, Ex. A.

Dated: April 6, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
1301 N Broadway Ste 32167
Los Angeles, CA 90012
newvivekshah@gmail.com
(224) 246-2874

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion addresses a straightforward case-management impasse that Defendant created without court authorization. Defendant Drexel Chemical Company has already appeared through counsel in this action. Dkt. 12. Yet Defendant's counsel has expressly taken the position that Defendant will not participate in a Rule 26(f) conference unless and until the Court first rules on anticipated challenges to personal jurisdiction and standing and unless and until the Court first enters a scheduling order. Shah Decl. ¶ 6, Ex. A.

That position is inconsistent with the Federal Rules and with this Court's standing order. Rule 26(f)(1) requires the parties to confer "as soon as practicable" and, in any event, at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b). Rule 26(f)(2) further provides that the attorneys of record and all unrepresented parties who have appeared are jointly responsible for arranging the conference and for attempting in good faith to agree on a proposed discovery plan. Rule 16(b)(2), in turn, requires the Court to issue a scheduling order as soon as practicable and, absent good cause for delay, no later than the earlier of 90 days after service or 60 days after appearance.

The relevant dates are not in dispute. Plaintiff filed this action on February 11, 2026. Dkt. 1. Plaintiff served Defendant on February 23, 2026. Dkt. 10. The

Court issued its Civil Standing Order on February 26, 2026. Dkt. 9. Defendant appeared through counsel on March 11, 2026, when it filed its Notice of Interested Parties and Rule 7.1 Corporate Disclosure and stated that its response date had been extended to April 15, 2026. Dkt. 12 at 1-2.

Because Defendant appeared on March 11, 2026, Rule 16(b)(2)'s earlier deadline is 60 days later, or May 10, 2026. That means the Rule 26(f) conference was required, absent court order otherwise, no later than April 19, 2026. Defendant's unilateral refusal to confer therefore threatened compliance with the governing rules long before any noticed Rule 12 motion would be heard. The refusal also blocks the ordinary commencement of discovery because Rule 26(d)(1) bars discovery before the Rule 26(f) conference, absent stipulation or court order.

The Court should not permit a litigant to halt the case-management process by private fiat. Defendant was free to seek a protective order, a stay, or other court relief if it believed Rule 26 obligations should be deferred. It did not do so. Instead, it simply declared the conference "premature" and refused to participate. Shah Decl. ¶ 6, Ex. A. The Court should enter a scheduling order, or at minimum set a prompt status or scheduling conference, direct the parties to conduct the Rule 26(f) conference by a date certain, permit a unilateral or separate Rule 26(f) report if necessary, and admonish defense counsel that such unilateral noncompliance is

improper.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. The complaint, service, and Defendant's appearance

Plaintiff filed the Complaint on February 11, 2026. Dkt. 1. The Complaint alleges a claim under California Penal Code section 631(a) based on the alleged real-time interception of Plaintiff's website-search communications while Plaintiff used Defendant's website from California. Dkt. 1 ¶¶ 1-4, 10-16, 27-28. The Complaint also alleges diversity jurisdiction based on at least fifteen violations at $5,000 per violation, as well as personal jurisdiction and venue in this District. Id. ¶¶ 5-9.

Plaintiff served Defendant on February 23, 2026 through Defendant's registered agent, Corporation Service Company, in Nashville, Tennessee. Dkt. 10.

On February 26, 2026, the Court entered its Civil Standing Order. Dkt. 9. Among other things, the standing order states that the Court "will issue an Order Setting a Scheduling Conference," that counsel "shall meet no later than twenty-one (21) days prior to the court-ordered Scheduling Conference pursuant to Federal Rule of Civil Procedure 26(f)," and that "[a] written exchange of correspondence will not satisfy this requirement." Dkt. 9 at 4.

On March 11, 2026, Defendant appeared through counsel by filing Defendant Drexel Chemical Company's Notice of Interested Parties and Rule 7.1

Corporate Disclosure. Dkt. 12. That filing identified defense counsel of record and stated on its face: "Current Response Date: March 16, 2026 New Response Date: April 15, 2026." *Id*. at 1. It further states that Drexel is a Tennessee corporation with its principal place of business in Tennessee. *Id*. at 2.

**B. Defendant expressly refused to participate in Rule 26(f)**

After Defendant appeared, Plaintiff sought to begin the Rule 26(f) process. Defendant's counsel responded by email on March 25, 2026 and stated:

> "We dispute that the court has personal jurisdiction over this matter, and we believe you lack standing to bring this action. Therefore, a Rule 26(f) conference is premature until the court has had the opportunity to rule on these issues. Further, upon review of the court's docket, the court has not yet entered a scheduling order governing this matter. As there is no scheduling order in place, it is premature to discuss a Rule 26(f) conference without knowing what the court's order will require."

Shah Decl. ¶ 6, Ex. A.

Thus, Defendant did not propose dates for a Rule 26(f) conference, did not offer to participate conditionally, and did not request a stay from the Court. Instead, Defendant expressly took the position that it would not participate unless and until the Court first ruled on anticipated jurisdictional and standing issues and first entered a scheduling order. *Id*.

**C. Plaintiff complied with Local Rule 7-3 before filing this motion**

Because Defendant had taken that position, Plaintiff then initiated the separate Local Rule 7-3 process regarding this contemplated motion. On March 29, 2026, Plaintiff emailed defense counsel as follows:

> "I am writing once again to meet and confer pursuant to Local Rule 7-3 regarding my contemplated Request for Entry of Scheduling Order, or in the Alternative, for Status Conference and Direction Regarding Rule 26(f). As reflected in your March 25, 2026 email, you have declined to participate in a Rule 26(f) conference at this time unless and until the Court first rules on anticipated jurisdictional and standing issues and/or enters a scheduling order. Please provide your availability for a real-time Local Rule 7-3 conference regarding this contemplated request. If I do not hear from you, I will advise the Court of my efforts to comply with Local Rule 7-3."

Shah Decl. ¶ 8, Ex. A.

As of April 6, 2026, Defendant had not responded to that March 29, 2026 request. Shah Decl. ¶ 10.

### D. Defendant's refusal created an avoidable deadline problem

Defendant's appearance on March 11, 2026 triggered the earlier Rule 16(b)(2) deadline of May 10, 2026. Because Rule 26(f)(1) requires the conference at least 21 days before the scheduling conference is held or the scheduling order is due, the Rule 26(f) conference was required, absent court order otherwise, no later than April 19, 2026. Defendant's refusal therefore created a live, time-sensitive impasse that Plaintiff could not cure unilaterally.

## III. GOVERNING STANDARDS

**A. Rule 16 requires a scheduling order as soon as practicable**

Rule 16(b)(1) provides that, except in exempted categories of cases, the district judge must issue a scheduling order either after receiving the parties' Rule 26(f) report or after consulting with the parties at a scheduling conference. Fed. R. Civ. P. 16(b)(1)(A)-(B). Rule 16(b)(2) further states that the judge "must issue the scheduling order as soon as practicable," and absent good cause for delay, "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).

**B. Rule 26 requires appearing parties to confer and jointly arrange the conference**

Rule 26(f)(1) states that, unless the court orders otherwise, "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Rule 26(f)(2) adds that "[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Fed. R. Civ. P. 26(f)(2).

The advisory committee notes to the 1993 amendment explain that the obligation to participate in the Rule 26(f) planning process applies to all parties

that have appeared in the case, including defendants who may still intend to file a Rule 12 motion and have not yet answered. *See* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment.

Rule 26(d)(1) separately provides that a party may not seek discovery before the parties have conferred as required by Rule 26(f), except as otherwise authorized by rule, stipulation, or court order. Fed. R. Civ. P. 26(d)(1).

**C. Judge Vera's standing order requires compliance with Rule 26(f) and Local Rule 7-3**

Judge Vera's standing order states that the Court "will issue an Order Setting a Scheduling Conference." Dkt. 9 at 4. It further states that counsel shall meet no later than 21 days before the court-ordered scheduling conference and that "[a] written exchange of correspondence will not satisfy this requirement." *Id*.

The standing order also provides that counsel must meet and confer pursuant to Local Rule 7-3 before filing motions, that the "notice of motion or other request must include a statement of compliance with Local Rule 7-3," and that the Court may strike or deny a motion or other relief if counsel fail to meet and confer in good faith. Dkt. 9 at 6. The standing order also emphasizes that both the Court and all counsel bear responsibility for the progress of the litigation, and that "counsel," as used in the order, includes self-represented parties. Dkt. 9 at 2.

## IV. ARGUMENT

### A. This motion is properly brought under Rule 16 and Local Rule 7, not as a Local Rule 37 discovery motion

The anticipated opposition is that any motion concerning Rule 26(f) is a "discovery motion" that must proceed under Local Rules 37-1 through 37-4 and the Magistrate Judge's procedures. That is not correct here.

This motion does not seek substantive discovery. It does not ask the Court to compel responses to written discovery, to adjudicate objections, to enter a protective order, or to resolve a discovery dispute arising from a request for production, interrogatories, admissions, or deposition conduct. Rather, it asks the District Judge to exercise the Court's own case-management authority under Rule 16(b), to direct threshold compliance with Rule 26(f), and to address a pre-discovery impasse that prevents the Rule 16 framework from getting underway at all.

That is especially true because Rule 16(b)(1) expressly assigns issuance of the scheduling order to the district judge (or magistrate judge only when authorized by local rule), and because Judge Vera's standing order specifically governs both the scheduling conference and the Rule 26(f) meeting of counsel. Fed. R. Civ. P. 16(b)(1); Dkt. 9 at 4. This motion therefore properly proceeds as a Rule 16/Rule 26 case-management motion under Local Rule 7.

**B. The absence of a scheduling order does not excuse Rule 26(f)**

Defendant's principal argument, as set out in the March 25 email, is that because the Court had not yet entered a scheduling order, a Rule 26(f) conference was "premature." Shah Decl. ¶ 6, Ex. A. That is contrary to the text of Rule 26(f)(1). Rule 26(f)(1) does not say that parties need confer only after the Court has entered a scheduling order. It says the parties must confer as soon as practicable and, in any event, at least 21 days before either (1) a scheduling conference is to be held or (2) a scheduling order is due under Rule 16(b). Fed. R. Civ. P. 26(f)(1). The second clause would be meaningless if a party could refuse to confer merely because the Court had not yet entered a scheduling order.

That is exactly why Rule 16(b)(2) exists. The rule sets an outside deadline for issuance of the scheduling order so that case management begins early. Here, that deadline was triggered once Defendant appeared on March 11, 2026. The absence of an already-entered scheduling order therefore made the Rule 26(f) conference more urgent, not less.

Judge Vera's standing order does not say otherwise. The standing order states that the Court will issue an Order Setting a Scheduling Conference and that the parties must meet no later than 21 days before that conference. Dkt. 9 at 4. Nothing in the standing order purports to eliminate Rule 26(f)(1)'s separate national-rule deadline tied to when a scheduling order is due under Rule 16(b). At

most, the standing order addresses the ordinary course when the Court has already set the scheduling conference. It does not authorize one party to place Rule 26(f) on hold until then.

### C. Once Defendant appeared, it was obligated to participate in Rule 26(f) even if it intended to file a Rule 12 motion

Defendant also told Plaintiff that the Rule 26(f) conference was premature because Defendant disputes personal jurisdiction and standing and wants the Court to rule on those issues first. Shah Decl. ¶ 6, Ex. A. That position also fails.

Rule 26(f)(2) places the responsibility for arranging the conference on attorneys of record and unrepresented parties that have appeared in the case. Fed. R. Civ. P. 26(f)(2). The advisory committee notes likewise explain that appearing defendants must participate in the Rule 26(f) planning process even if they intend to file a Rule 12 motion before answering. See Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment.

This distinction matters. Authorities discussing defendants who had not yet appeared do not help Defendant because Drexel did appear—through counsel—on March 11, 2026. Dkt. 12. From that point forward, the rules imposed joint responsibility on Defendant to arrange and participate in the conference unless the Court ordered otherwise. Defendant never sought such an order.

Nor does an anticipated jurisdictional or standing motion automatically stay the Rule 26 process. If Defendant believed discovery planning should be deferred pending a Rule 12 motion, the proper course was to move for a stay, a protective order, or other appropriate relief. Until then, Defendant remained obligated to comply with Rules 16 and 26.

### D. Rule 16 required the Court to move the case forward, and the Court may do so now either by issuing a scheduling order or by consulting with the parties at a status or scheduling conference

Rule 16(b)(1) gives the Court two straightforward options: issue a scheduling order after receiving the parties' Rule 26(f) report, or issue one after consulting with the parties at a scheduling conference. Fed. R. Civ. P. 16(b)(1)(A)-(B). Because Defendant's refusal prevented a joint Rule 26(f) report from being prepared, the Court may proceed under Rule 16(b)(1)(B) and set a prompt status or scheduling conference, or it may issue a scheduling order directly and direct immediate Rule 26(f) compliance.

Either route is appropriate here. The Court should not allow Defendant's refusal to create a procedural vacuum in which neither the scheduling order nor the Rule 26(f) conference occurs. That is precisely the sort of delay Rule 16 was designed to prevent. *See* Fed. R. Civ. P. 1, 16.

Additionally, by the time this motion is heard, the Rule 16(b)(2) outside deadline will either have arrived or be very near. Plaintiff therefore respectfully requests that the Court grant this motion notwithstanding the noticed hearing date, or earlier if the Court elects to decide the matter on the papers or set an earlier status conference *sua sponte*.

**E. Plaintiff complied with Local Rule 7-3, and further efforts were futile**

This motion was not filed precipitously. The record shows the opposite.

First, Defendant had already made its substantive position unmistakably clear on March 25, 2026: no Rule 26(f) conference until after the Court rules on jurisdiction and standing and until a scheduling order is entered. Shah Decl. ¶ 6, Ex. A.

Second, Plaintiff separately invoked Local Rule 7-3 on March 29, 2026, identified the contemplated motion, asked for a real-time conference, and requested defense counsel's availability. Shah Decl. ¶¶ 7-9, Ex. A.

Third, Plaintiff waited more than seven days after that March 29, 2026 request before filing this motion on April 6, 2026. Shah Decl. ¶ 10.

Fourth, counsel never responded to the renewed Local Rule 7-3 request. *Id*. This record satisfies Local Rule 7-3. The rule requires a real-time conference at least seven days before filing when possible; it does not require a movant to obtain the other side's cooperation where the other side has already stated its position and

then ignores a renewed request to confer. Plaintiff did all he could reasonably do without court intervention.

### F. The Court should order a Rule 26(f) conference by a date certain and permit unilateral or separate reports if Defendant again refuses

The relief requested is modest and practical. Because Defendant's refusal has already jeopardized the ordinary Rule 26(f) timing, the Court should order the parties to conduct the Rule 26(f) conference within seven days of the Court's order, or by another specific date set by the Court, and should deem that date to be the operative Rule 26(f) deadline if necessary. The Court should further order that the parties file their joint Rule 26(f) report within fourteen days after the conference, or by such other date as the Court sets.

If Defendant again refuses to participate, the Court should expressly authorize either: (1) separate Rule 26(f) reports from each side; or (2) a unilateral report from Plaintiff describing Defendant's position and the efforts made to obtain compliance.

That approach is consistent with the purpose of Rule 16(b)(1), which allows the Court to proceed after consulting with the parties even when a joint report is not available because one side refuses to cooperate.

### G. The Court should admonish defense counsel that unilateral suspension of Rules 16 and 26 is improper

Plaintiff is not presently seeking Rule 11 sanctions, monetary sanctions, or attorney discipline. The present record is sufficient, however, to justify a modest admonition from the Court.

Judge Vera's standing order emphasizes that both the Court and all counsel share responsibility for the progress of litigation and that civility and professionalism are required in written and oral communications. Dkt. 9 at 2-3. Here, defense counsel did not seek a stay, a protective order, or clarification from the Court. Counsel instead announced that Rule 26(f) was "premature," refused to participate, and then did not respond when Plaintiff separately invoked Local Rule 7-3. Shah Decl. ¶¶ 6, 8-10, Ex. A.

That is not a proper way to address a disagreement about case-management obligations. If counsel believes the rules should be modified in a particular case, counsel must seek relief from the Court—not impose a unilateral suspension of the Federal Rules on the opposing party. A brief admonition from the Court would help prevent similar conduct going forward and clarify that future noncompliance may warrant stronger relief.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Enter a scheduling order under Rule 16(b), or alternatively set a prompt status or scheduling conference;

2. Order the parties to conduct their Rule 26(f) conference within seven (7) days of the Court's order, or by another date certain set by the Court;
3. Order the parties to file a joint Rule 26(f) report by a date certain, or, if Defendant refuses to participate, permit separate Rule 26(f) reports or a unilateral report from Plaintiff;
4. Admonish Defendant's counsel that unilateral refusal to participate in required Rule 26(f) and scheduling procedures absent court order is improper; and
5. Grant such other and further relief as the Court deems just and proper.

Dated: April 6, 2026

Respectfully submitted,

/s/ Vivek Shah

Vivek Shah
1301 N Broadway Ste 32167
Los Angeles, CA 90012
newvivekshah@gmail.com
(224) 246-2874

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned, Plaintiff Vivek Shah, certifies that this brief contains 3,839 words, which complies with the word limit of L.R. 11-6.1.

/s/ Vivek Shah

Vivek Shah