USAMA KAHF (SBN 266443)
ukahf@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street
Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DAVID M. SHANNON (SBN 342187)
dshannon@fisherphillips.com
FISHER & PHILLIPS LLP
424 Church St, Suite 1700
Nashville, TN 37219
Telephone: (615) 488-2900
Facsimile: (615) 488-2928

MICHAEL F. RAFFERTY (*pro hac vice*)
mrafferty@harrisshelton.com
HARRIS SHELTON HANOVER WALSH, P.L.L.C.
6060 Primacy Parkway, Suite 100
Memphis, TN 38119
Telephone: (901) 525-1455
Facsimile: (901) 526-4084

Attorneys for Defendant
DREXEL CHEMICAL COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VIVEK SHAH,

Plaintiff,

v.

DREXEL CHEMICAL COMPANY,

Defendant.

CASE NO.: 2:26-CV-01605-HDV-KES
*Assigned for all purposes to the Honorable Hernán D. Vera, Dept. 5B*

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DREXEL CHEMICAL COMPANY'S MOTION TO DISMISS**

*[Filed Concurrently with Notice of Motion, Memorandum of Points and Authorities, Declaration of Usama Kahf, Declaration of Mark Stewart, and [Proposed] Order]*

Date: May 28, 2026
Time: 10:00 A.M.

Complaint Filed: February 11, 2026
Trial Date: Not Set

**TO THE COURT AND PLAINTIFF**:

1. Pursuant to Federal Rules of Evidence Rule 201, Defendant Drexel Chemical Company ("Drexel"), through its attorneys of record, hereby requests that the Court take judicial notice of the following:

(a) A true and correct copy of the complaint filed in *Drexel Chemical Company v. Vivek Shah*, Case No. CH-26-0122, as **Exhibit A**.

(b) A true and correct copy of the Affidavit in Removal Proceeding filed in *United States of America v. Vivek Shah*, Case No. 1:12-cr-00629, as **Exhibit B**.

(c) A true and correct copy of Vivek Shah's Motion to Terminate Supervised Release filed in *United States of America v. Vivek Shah*, Case No. 1:12-cr-00629, as **Exhibit C**.

(d) A true and correct copy of the initial complaint filed in *Vivek Shah v. Talentbridge, Inc.*, Case No. 2:26-cv-00222-AH(SSCx), as **Exhibit D**.

(e) A true and correct copy of the initial complaint filed in *Vivek Shah v. Crain Communications*, Case No. 2:26-cv-03070, as **Exhibit E**.

(f) A true and correct copy of the initial complaint filed in *Vivek Shah v. Russco57, LLC*, Case No. 2:25-cv-12371-PA-(MARx), as **Exhibit F**.

(g) A true and correct copy of the initial complaint filed in *Vivek Shah v. Peridio Inc.*, Case No. 2:25cv12373, as **Exhibit G.**

(h) A true and correct copy of the initial complaint filed in *Vivek Shah v. Secureworks Corp.,* Case No. 2:25cv12381, as **Exhibit H.**

(i) A true and correct copy of the initial complaint filed in *Vivek Shah v. Backoffice Associates, LLC,* Case No. 2:26-cv-00848-MWC-SK, as **Exhibit I.**

(j) A true and correct copy of the initial complaint filed in *Vivek Shah v. VOR Biopharma, Inc.,* Case No. 2:26-cv-01292-SPG-JDE, as **Exhibit J.**

(k) A true and correct copy of the initial complaint filed in *Vivek Shah v. Spectraforce Technologies, Inc.,* Case No. 2:25-cv-12405-MWF-(PVCx), as

**Exhibit K.**

(l) A true and correct copy of the initial complaint filed in *Vivek Shah v. Card Delivery LLC,* Case No. 2:25-cv-08731-JFW-MAA, as **Exhibit L.**

(m) A true and correct copy of the initial complaint filed in *Vivek Shah v. Wpromote LLC,* Case No. 24STCV23077 as **Exhibit M.**

(n) A true and correct copy of the initial complaint filed in *Vivek Shah v. Sportsman's Warehouse Holdings, Inc.,* Case No. 24STCV23080, as **Exhibit N.**

(o) A true and correct copy of the initial complaint filed in *Vivek Shah v. Gannet Co.,* Case No. 24STCV23303, as **Exhibit O.**

2. Judicial notice of **Exhibits A-O** is proper as judicial notice may be taken of documents filed in court proceedings. Fed. R. Evid. 201; *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of . . . documents on file in federal or state courts."); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings).

3. Moreover, judicial notice of **Exhibits A-O** is proper under Federal Rule of Evidence 201, which provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A federal court must take judicial notice of facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

4. Finally, judicial notice of **Exhibits A-O** is proper as documents that are matters of public record may also be judicially noticed. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of 'matters of public record.'"); *Allergan USA, Inc. v. Prescribers Choice, Inc.*, 364 F.Supp.3d 1089, 1095 (C.D. Cal. 2019); *Rodriguez v. Ford Motor Co.*, 722 F. Supp. 3d 1104,

1111 (S.D. Cal. 2024) ("A court *may* properly take judicial notice of legislative history.") (quotations and citations omitted) (emphasis in original)

5. Based on the foregoing, Drexel respectfully requests that this Court take judicial notice of the above-referenced documents for purposes of Drexel's Motion to Dismiss.

Dated: April 15, 2026

FISHER & PHILLIPS LLP

By: ______________________________
USAMA KAHF
DAVID M. SHANNON

HARRIS SHELTON HANOVER WALSH, P.L.L.C.
MICHAEL F. RAFFERTY (*Pro Hac Vice*)

Attorneys for Defendant
DREXEL CHEMICAL COMPANY