USAMA KAHF (SBN 266443)
ukahf@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street
Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DAVID M. SHANNON (SBN 342187)
dshannon@fisherphillips.com
FISHER & PHILLIPS LLP
424 Church St, Suite 1700
Nashville, TN 37219
Telephone: (615) 488-2900
Facsimile: (615) 488-2928

MICHAEL F. RAFFERTY (*pro hac vice*)
mrafferty@harrisshelton.com
HARRIS SHELTON HANOVER WALSH, P.L.L.C.
6060 Primacy Parkway, Suite 100
Memphis, TN 38119
Telephone: (901) 525-1455
Facsimile: (901) 526-4084

Attorneys for Defendant
DREXEL CHEMICAL COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VIVEK SHAH,

Plaintiff,

v.

DREXEL CHEMICAL COMPANY,

Defendant.

CASE NO.: 2:26-CV-01605-HDV-KES
*Assigned for all purposes to the Honorable Hernan D. Vera*

**DEFENDANT DREXEL CHEMICAL COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF SCHEDULING ORDER AND FOR ORDER DIRECTING RULE 26(f) CONFERENCE**

Date: May 28, 2026
Time: 10:00 a.m.

Complaint Filed: February 11, 2026
Trial Date: Not Set

Defendant Drexel Chemical Company ("Drexel") opposes Plaintiff Vivek Shah's ("Plaintiff") Motion for Entry of Scheduling Order and for Order Directing Rule 26(f) Conference (the "Motion"). This Court should deny Plaintiff's Motion under the authority of the Federal Rules of Civil Procedure ("FRCP"), Rules 16 and 26, and its inherent authority to control its docket and its broad discretion in allowing a stay of proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997). This Court should also deny Plaintiff's Motion because he failed to properly meet and confer with Drexel's counsel prior to filing this Motion, as required by Local Rule 7-3.

The trial court has sound discretion to stay a case. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Howse v. Chiquita Canyon, LLC*, 757 F. Supp. 3d 1049, 1071 (C.D. Cal. 2024) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 865 (9th Cir. 1979)). Specifically, district courts have "broad discretion to stay discovery in a case while a dispositive motion is pending." *Centerline Hous. P'ship I, L.P.-Series 2, et al v. Palm Communities, et al.* No. 821CV00107JVSJDEX, 2021 WL 2493251, at *2 (C.D. Cal. May 26, 2021) (quoting *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001)).

"Before granting a stay upon a party's request, a court should weigh 'the competing interests which will be affected by the granting or refusal to grant,' including 'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Howse*, 757 F. Supp. 3d at 1071 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). Further, the court in *Howse* noted that it is the court's general practice in civil cases to not set a scheduling conference or enter a scheduling order

*until an answer is filed* and to not allow discovery prior to the issuance of a scheduling order. *Howse, supra*, 757 F. Supp. 3d at 1071 (emphasis added).[1]

First, Drexel has not yet filed an answer; Drexel has filed a Motion to Dismiss, premised in part on the grounds that this Court lacks personal jurisdiction over Drexel and that Plaintiff lacks standing to bring this action. [ECF 18.]

The Court should deny Plaintiff's Motion because a ruling on Drexel's Motion to Dismiss may result in dismissal of this action with prejudice. Whereas, granting Plaintiff's Motion will lead to potentially unnecessary and costly discovery. The only potential effect upon Plaintiff from denying his Motion is a slight delay in engaging in discovery. Further, requiring the parties to engage in Rule 26(f) and discovery discussions prior to this Court's rulings on Drexel's Motion to Dismiss and Motion to Stay will complicate the issues as Drexel has challenged this Court's jurisdiction and Plaintiff's standing to bring this action. Such discovery may ultimately prove useless to either party.

Plaintiff was well aware of Drexel's intention to file a motion to dismiss based on standing and jurisdiction, as evidenced by the email exchange on March 25, 2026, between Plaintiff and Drexel's counsel in which Drexel's counsel stated that Drexel "dispute[s] that the court has personal jurisdiction over this matter, and [Drexel believes] you lack standing to bring this action." (Declaration of Usama Kahf ("Kahf Decl."), ¶ 5, Ex. B.) On the same day, counsel for Drexel provided Plaintiff a more in-depth explanation as to the need for Drexel to file a motion to dismiss and motion to stay. (Kahf Decl., ¶ 6, Ex. C.)

Subsequently, the parties met and conferred by conference call on April 2, 2026, to discuss Drexel's Motion to Dismiss, including the grounds that Plaintiff lacks standing and this Court lacks personal jurisdiction over Drexel. (Kahf Decl., ¶¶ 6-7.) Despite being given the opportunity to amend his complaint based on the deficiencies laid out by Drexel, Plaintiff told Drexel's counsel to go ahead and file

[1] Plaintiff failed to cite any case law in his Motion.

Drexel's motions, which Drexel subsequently did on April 15, 2026. [ECF 18, 20.] During this April 2, 2026 call, counsel for Drexel emphasized that they were willing to discuss any other matter that Plaintiff wished to speak about. (Kahf Decl., ¶ 7.) Drexel's counsel asked Plaintiff multiple times if he wanted to discuss anything else on that call. (*Id.*) Plaintiff declined to discuss any other topic, including either holding a Rule 26(f) conference or his bringing the instant Motion. (*Id.*) Thus, Plaintiff did not engage in a good faith meet and confer effort as required by Local Rule 7-3.

FRCP Rule 16(b)(2) provides that a judge "must issue the scheduling order as soon as practicable, but *unless the judge finds good cause for delay*, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." (Emphasis added.) Here, there is good cause for delay in issuing a scheduling order due to the filing of Drexel's dispositive Motion to Dismiss and its Motion to Stay.

Plaintiff also disregards the latter half of FRCP 16(b)(2). The second clause of FRCP 16(b)(2) provides in relevant part, "the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." If this Court does not find good cause for the delay of issuing a scheduling order, the Court still may issue the scheduling order by May 11, 2026 (60 days after Drexel's first appearance). Plaintiff, through this Motion, seeks to force this Court into issuing a scheduling order on Plaintiff's timeline, rather than what is allowed under the FRCP and this Court's inherent authority to control its own docket.

Further, FRCP 26(f) provides, "the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)[,]" but this timing may be altered "when the court orders otherwise." And in this Court's Civil Standing Order, "[c]ounsel shall meet no later than twenty-one (21) days *prior to the court-ordered Scheduling Conference*, pursuant to Federal Rule of Civil Procedure 26(f) and applicable Local

Rules." (Civil Standing Order, p. 4, V.)

Here, the Civil Standing Order alters the requirements of FRCP 26(f), as allowed by the FRCP, in that the parties must meet twenty-one days before the Scheduling Conference. The Civil Standing Order expressly states the parties must meet prior to a Scheduling Conference but makes no mention of the scheduling order. There has been no court-ordered scheduling conference calendared, and no scheduling order has been issued. Thus, this Court's Civil Standing Order alters FRCP 26(f) to require the parties to meet before the scheduling conference is to be held, not when a scheduling order is due. Further, the Civil Standing Order also requires that the Joint Rule 26(f) Report "address the matters set forth in Federal Rule of Civil Procedure 26(f), *as well as those enumerated in the Court's Order Setting Scheduling Conference*." (Civil Standing Order, p. 5, VII) (emphasis added.) The parties here cannot address the matters enumerated in the Court's Order Setting Scheduling Conference because no such order has been issued. The parties would be unable to comply with this Court's order regarding a Joint Rule 26(f) Report without the order setting scheduling conference, which would in turn, render the Rule 26(f) conference moot in that the parties would need to also discuss the issues raised in such a scheduling order.

Additionally, Drexel has filed a Motion to Stay this action based upon the first-filed Tennessee state action. [ECF 20.] Granting Plaintiff's Motion may ultimately lead to a waste of the Court's and the parties' time and resources, if the parties are to hold a potentially moot FRCP Rule 26(f) conference. Plaintiff in his Motion repeatedly states that Drexel should have sought a stay "if it believed Rule 26 obligations should be deferred." [ECF 16, p. 6; *see also* ECF 16, pp. 8, 15, 18.] Surprisingly, Plaintiff states that "[Drexel] did not do so." [ECF 16, p. 6.] However, Drexel made clear to Plaintiff prior to his filing this Motion that it would in fact be seeking a stay of the entire action, through email correspondence as well as at the April 2, 2026 meet and confer. (Kahf Decl., ¶¶ 6-7, Ex. C.) Whether Plaintiff believed

this was a "bluff," the fact remains that he was informed of Drexel's intention to file a Motion to Stay, and yet still claims repeatedly that Drexel should have sought a stay. To Plaintiff's point, Drexel has in fact sought a stay – as it informed Plaintiff it would prior to his filing the present Motion. [*See* ECF 20.] As Plaintiff has agreed, this Court should deny Plaintiff's Motion until resolution of the pending Motion to Stay filed by Drexel.

Accordingly, Drexel respectfully requests that this Motion be denied as it will result in a waste of the Court's and the parties' time and resources.

Dated: April 30, 2026 FISHER & PHILLIPS LLP

By: */s/ Usama Kahf*
USAMA KAHF
DAVID M. SHANNON

HARRIS SHELTON HANOVER WALSH, P.L.L.C.

MICHAEL F. RAFFERTY

Attorneys for Defendant
DREXEL CHEMICAL COMPANY