**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| VIVEK SHAH,<br><br>Plaintiff,<br><br>v.<br><br>DREXEL CHEMICAL COMPANY,<br><br>Defendant. | Case No.: 2:26-cv-01605-HDV-KES<br><br>Date: May 21, 2026<br>Time: 10:00 a.m.<br>Courtroom: 5B<br>Judge: Hon. Hernán D. Vera<br><br>Complaint Filed: February 11, 2026<br>Trial Date: None Set |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF SCHEDULING ORDER AND FOR ORDER DIRECTING RULE 26(f) CONFERENCE**

## I. INTRODUCTION

Defendant's opposition responds to a motion Plaintiff did not file. The conduct at issue is Defendant's unilateral suspension of Rule 26(f) on March 25, 2026—three weeks before Defendant filed any motion to stay. Shah Decl. ¶ 6, Ex. A; Dkt. 20 (Motion to Stay filed Apr. 15, 2026). Defendant cannot retroactively manufacture authority for that self-help by pointing to motions it filed nine days *after* this motion was on file. The Federal Rules require an appearing defendant to participate in Rule 26(f); if Defendant believed otherwise, the proper course was a court order, not a private declaration of non-compliance.

Defendant's secondary attack—that Plaintiff failed Local Rule 7-3—conflates two separately-noticed meet-and-confer obligations and ignores the written L.R. 7-3 request Defendant ignored for eight days before this motion was filed. The motion should be granted.

## II. ARGUMENT

### A. Defendant Filed Its Stay Motion *After* This Motion And The Opposition Does Not Reach the Conduct at Issue.

The opposition's centerpiece—that "a ruling on Drexel's Motion to Dismiss may result in dismissal" (Opp. at 3)—describes a motion that did not exist when this motion was filed on April 6, 2026. Defendant filed its Motion to Dismiss and Motion to Stay on April 15, 2026, nine days later. Dkt. 18, 20. Every authority Defendant cites for a stay—*Clinton v. Jones*, 520 U.S. 681 (1997); *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962); *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005); and *Howse v. Chiquita Canyon, LLC*, 757 F. Supp. 3d 1049 (C.D. Cal. 2024)—addresses a court's discretion to grant a stay on a properly filed motion. None blesses a litigant's unilateral declaration that the Federal Rules will not apply pending motions yet to be filed.

Defendant's invocation of *Lockyer* is particularly telling. The *Lockyer* factors—"the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice," 398 F.3d at 1110—are factors a court weighs when *deciding* a motion to stay. They are not factors that authorize a party's unilateral declaration of non-compliance, and they are not before this Court on this motion. If Defendant believed the *Lockyer* factors favored deferral of Rule 26(f), the proper course was a motion under Rule 26(c) for a protective order or a motion to stay—either of which would have triggered an opposition, given the Court the opportunity to weigh the competing

interests, and produced a court order that lawfully altered the parties' obligations. Defendant did not do that. Defendant simply refused.

The relief Plaintiff seeks here is not a ruling on Defendant's later-filed Motion to Stay; that motion will be briefed separately. The relief here addresses three weeks of unilateral non-compliance that preceded any stay motion. Defendant's belated filing on April 15 does not retroactively legitimize that conduct, and Defendant's after-the-fact *Lockyer* arguments do not transform self-help into something the Federal Rules permit.

Defendant's reliance on *Howse* warrants particular note. The opinion Defendant quotes for "this Court's general practice in civil cases" not to set a scheduling conference until an answer is filed (Opp. at 2-3) was issued by Judge Maame Ewusi-Mensah Frimpong, not Judge Vera. See *Howse*, 757 F. Supp. 3d at 1071. Judge Vera's Civil Standing Order in this action says no such thing. It provides that "[p]ursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Court will issue an Order Setting a Scheduling Conference" and that "[c]ounsel shall meet no later than twenty-one (21) days prior to the court-ordered Scheduling Conference." Dkt. 9 at 4. The *Howse* practice is not this Court's practice. Even if it were, *Howse* describes what a court may *choose* to do in managing its own docket; it does not authorize a party to anticipate that choice and impose it on the other side by email.

**B. Plaintiff Complied with Local Rule 7-3.**

The L.R. 7-3 record is in the file. Beginning March 21, 2026, Plaintiff sought Rule 26(f) conference dates; Plaintiff followed up on March 23, 2026; on March 24, 2026, Plaintiff specifically wrote that he was "writing to meet and confer regarding a Motion to Compel a Rule 26(f) Conference." Shah Decl. Ex. A. On March 25, Defendant refused to participate in Rule 26(f) "until" the Court ruled on motions Defendant had not yet filed. *Id.* ¶ 6, Ex. A. On March

29, Plaintiff sent a written request expressly invoking L.R. 7-3, naming the contemplated motion, and requesting "availability for a real-time Local Rule 7-3 conference." Defendant did not respond. *Id.* ¶¶ 8, 10, Ex. A. On April 6—more than seven days after the March 29 request—Plaintiff filed. That is four separate written communications across more than two weeks, met with one substantive response refusing to engage and silence on the renewed L.R. 7-3 request that named the contemplated motion. That is textbook L.R. 7-3 compliance.

Defendant's contrary theory rests on paragraph 7 of the Kahf Declaration, which suggests that the April 2 telephonic conference satisfied L.R. 7-3 because Plaintiff did not raise this motion when defense counsel asked at the close of the call whether he had "any other subject" to discuss. That mischaracterizes the call. The April 2 conference was scheduled by Defendant, on Defendant's L.R. 7-3 letter (Kahf Decl. Ex. C), to address Defendant's anticipated motions to dismiss and to stay. Defendant set the agenda, scheduled the call, and identified the topics. It was Defendant's L.R. 7-3 conference for Defendant's motions. Shah Reply Decl. ¶¶ 5-7. Plaintiff had no reason to inject his contemplated motion into Defendant's separately-noticed meet-and-confer when Defendant had ignored Plaintiff's March 29 written L.R. 7-3 request about that motion four days earlier and had taken a written position against the underlying Rule 26(f) request five days before that. Shah Reply Decl. ¶¶ 5-8.

Defendant's position is also structurally untenable. L.R. 7-3 places the conferral burden on the moving party. If Defendant were correct that any "anything else?" question at the close of an opposing party's separately-noticed meet-and-confer triggered an obligation on the movant to inject every contemplated motion into that conference, every L.R. 7-3 obligation could be discharged—or forfeited—by an offhand question at the end of someone else's call. That is not what L.R. 7-3 requires. The rule requires the movant to "first contact opposing counsel to discuss

thoroughly" the substance of the contemplated motion. Plaintiff did so in writing on March 29. Defendant's silence is not Plaintiff's procedural default.

Judge Vera's standing order reinforces the point. The order provides that the Court "may strike or deny" a motion when counsel "fail to meet and confer in good faith." Dkt. 9 at 6. It further requires that the meet-and-confer be a "real-time" exchange and provides that "[a] written exchange of correspondence will not satisfy this requirement." Dkt. 9 at 4. Plaintiff requested a real-time conference in writing on March 29. Defendant did not respond. The party that ignored Plaintiff's written L.R. 7-3 request about Plaintiff's contemplated motion—and now claims Plaintiff should have raised the topic at Defendant's separately-noticed meet-and-confer about Defendant's motions—is the party whose good-faith conferral is in question.

**C. Pendency of a Rule 12 Motion Does Not Excuse Rule 26(f).**

Defendant's central premise—that an anticipated motion to dismiss excused Rule 26(f) participation—is foreclosed by authority from this District. In *Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995), the court rejected the argument that a pending Rule 12 motion stays discovery: had the Federal Rules contemplated such a stay, "the Rules would contain a provision to that effect." Other federal courts agree. *See Mlejnecky v. Olympus Imaging America, Inc.*, No. 2:10-cv-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (no automatic stay; courts apply two-part test); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) ("the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending").

Even if Defendant had filed a stay motion before refusing Rule 26(f)—which it did not—the *Mlejnecky* test would not have supported one. Under that test, the moving party must show (1) that the pending dispositive motion would dispose of the entire case or at least the issue on

which discovery is sought, and (2) that the motion can be decided without additional discovery. 2011 WL 489743, at *6. Defendant's anticipated motion to dismiss is premised in part on personal jurisdiction—an issue that, as a matter of routine, requires jurisdictional discovery. The Rule 26(f) conference Plaintiff seeks here is not even discovery; it is the threshold case-management conference that all appearing parties must hold. Defendant cannot satisfy a stay test it did not invoke for relief from a conference it was always required to attend.

The 1993 Advisory Committee Notes to Rule 26 are explicit: appearing defendants must participate in Rule 26(f) planning even if they intend to file a Rule 12 motion before answering. Fed. R. Civ. P. 26 advisory committee's note (1993). Defendant appeared on March 11, 2026. Dkt. 12. From that day, Rule 26(f)(2) imposed joint responsibility for arranging the conference, regardless of any anticipated Rule 12 motion. If Defendant believed deferral was warranted, the proper course was a stay motion. Defendant filed none until April 15, 2026—nine days after this motion. Belief is not a court order.

**D. The Civil Standing Order Does Not Override Rule 26(f)(1).**

Defendant argues that the Civil Standing Order alters Rule 26(f) so that the conference is required only "before the scheduling conference is to be held, not when a scheduling order is due." Opp. at 5. The argument fails on the text. Rule 26(f)(1) sets two independent triggers in the disjunctive: the conference is required at least 21 days before "a scheduling conference is to be held *or* a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). The standing order alters the timing only "when the court orders otherwise." *Id.*

Judge Vera's standing order does not order otherwise with respect to Rule 26(f)(1)'s second clause. It addresses the timing of the meet-and-confer *relative to a court-ordered scheduling conference once one is set*: "Counsel shall meet no later than twenty-one (21) days

prior to the court-ordered Scheduling Conference." Dkt. 9 at 4. That is a forward reference to ordinary case management, not a silent deletion of Rule 26(f)(1)'s separate national-rule deadline tied to when a Rule 16(b) scheduling order is due. Reading the standing order to delete the second trigger would render Rule 16(b)(2)'s outside deadline unenforceable—any appearing defendant could simply wait, do nothing, and then cite the absence of a scheduling order as the reason no Rule 26(f) conference was required. That is exactly the scheme Rule 16(b)(2) was designed to prevent.

Defendant's separate argument that the Joint Rule 26(f) Report cannot be prepared without an Order Setting Scheduling Conference (Opp. at 5) concedes the relief Plaintiff seeks. If Defendant is correct that the parties cannot complete the Rule 26(f) process without an Order Setting Scheduling Conference, then the appropriate remedy is for the Court to enter such an Order—precisely what Plaintiff requested. Defendant's argument is not a defense; it is a confession that some judicial action is required to break the impasse.

**E. Defendant's "Good Cause" Argument Is Backwards.**

Rule 16(b)(2) requires a scheduling order within the earlier of 90 days after service or 60 days after appearance, "unless the judge finds good cause for delay." Defendant invokes the clause to argue that pendency of its later-filed motions excuses the deadline. Opp. at 4. The clause does not authorize a litigant's self-issued stay. It addresses the *Court's* deadline; the good-cause finding is for the Court to make. And on its own terms, the mere pendency of a Rule 12 motion is not "good cause"—every Rule 12 movant could otherwise indefinitely defer Rule 16. *Skellerup*, 163 F.R.D. at 600-01.

Defendant's reference to its first-filed Tennessee state declaratory judgment action (Opp. at 5) belongs in the briefing on the Motion to Stay, not here. *See Alltrade, Inc. v. Uniweld*

*Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (recognizing exceptions to first-filed rule). It is not a defense to the conduct at issue on this motion.

**F. The Relief Plaintiff Seeks Is Modest, and the Prejudice From Inaction Is Real.**

The relief Plaintiff seeks is straightforward case-management relief: that the Court enter a scheduling order or set a prompt status conference; that the parties be ordered to conduct the Rule 26(f) conference within seven days of the Court's order; that the parties file a joint report fourteen days later, or, if Defendant continues to refuse, that separate or unilateral reports be permitted; and that defense counsel be admonished that unilateral non-compliance with Rules 16 and 26 absent a court order is improper. Mot. at 18-19.

That relief is not the relief at issue on a stay motion, and granting it imposes no comparable hardship on Defendant. The Rule 26(f) conference is a threshold case-management requirement that all appearing parties bear; participation is not contingent on the merits of any particular party's anticipated dispositive motion. Defendant remains free to press its Motion to Stay and Motion to Dismiss on their own briefing schedules. Granting this motion does not interfere with that briefing in any way.

The prejudice to Plaintiff from continued inaction is concrete. Rule 26(d)(1) bars discovery before the Rule 26(f) conference absent stipulation or court order. Defendant's unilateral suspension of the conference therefore blocks the ordinary commencement of discovery on every issue in the case. It also threatens compliance with Rule 16(b)(2)'s outside deadline. The longer this impasse continues, the more case management slips out of the framework Rules 1, 16, and 26 establish. The Court should not allow that to continue by private fiat.

## III. CONCLUSION

Defendant did not file a stay motion before refusing Rule 26(f); Defendant simply refused. Defendant did not respond to Plaintiff's written L.R. 7-3 request about this motion; Defendant ignored it. Defendant did not bring the relevant standing-order or Rule 26(f) language to this Court for clarification; Defendant relied on case law from a different judge to justify a practice this Court's standing order does not adopt. The Federal Rules, Judge Vera's Civil Standing Order, and *Skellerup* do not permit any of these moves. The motion should be granted.

Dated: April 30, 2026

Respectfully submitted,

/s/ Vivek Shah

Vivek Shah
1301 N Broadway Ste 32167
Los Angeles, CA 90012
newvivekshah@gmail.com
(224) 246-2874

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2**

The undersigned, Plaintiff Vivek Shah, certifies that this brief is 9 pages, which complies with the 10-page limit set by the Court's Civil Standing Order, Section IX.C (Dkt. 9 at 6), and contains 2,538 words, which complies with the word limit of L.R. 11-6.1.

/s/ Vivek Shah

Vivek Shah