Vivek Shah
1301 N Broadway, Ste 32167
Los Angeles, CA 90012
Telephone: (224) 246-2874
Email: newvivekshah@gmail.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| VIVEK SHAH,<br><br>Plaintiff,<br><br>v.<br><br>DREXEL CHEMICAL COMPANY,<br><br>Defendant. | Case No. 2:26-cv-01605-HDV-KES<br><br>Assigned to the Hon. Hernán D. Vera<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS OPPOSITION TO DEFENDANT DREXEL CHEMICAL COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: June 25, 2026<br>Time: 10:00 a.m.<br><br>Action Filed: February 11, 2026 |

Plaintiff Vivek Shah respectfully requests, pursuant to Federal Rule of Evidence 201, that the Court take judicial notice of the documents identified below and the facts reflected therein, submitted in support of his Opposition to Defendant Drexel Chemical Company's Motion to Dismiss the First Amended Complaint and concurrently with the Declaration of Vivek Shah.

Under Federal Rule of Evidence 201(b), a court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Courts may take judicial notice of the official records and filings of state and federal government agencies, including corporate-registration

records maintained by a Secretary of State and the records and official actions of administrative agencies; such records are also self-authenticating as official publications under Federal Rule of Evidence 902(5). See Fed. R. Evid. 201(b)(2), 902(5); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–90 (9th Cir. 2001). Courts likewise take judicial notice of the contents of web pages preserved by the Internet Archive (Wayback Machine), which reliably records what a website displayed on a given date; the archived pages at issue here are also Drexel's own published Terms of Use and therefore constitute party admissions under Federal Rule of Evidence 801(d)(2). "Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[.]" *Erickson v. Nebraska Mach. Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015); *see also Pond Guy, Inc. v. Aquascape Designs, Inc.*, No. 13-13229, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014) ("As a resource the accuracy of which cannot reasonably be questioned, the Internet Archive has been found to be an acceptable source for the taking of judicial notice."); Martins v. 3PD, Inc., No. 11-cv-11313, 2013 WL 1320454, at *16 n.8 (D. Mass. Mar. 28, 2013) (taking judicial notice of "the various historical versions of a website available on the Internet Archive at Archive.org as facts readily determinable by resort to a source whose accuracy cannot reasonably be questioned"); *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 1:10-cv-1144, 2011 WL 5169384, at *3 (W.D. Mich. Oct. 31, 2011) ("[T]he federal courts have recognized that Internet archive services, although representing a relatively new source of information, have sufficient indicia of reliability to support introduction of their contents into evidence, subject to challenge at trial for authenticity."). In addition, in resolving Drexel's challenges to personal jurisdiction and venue under Rules 12(b)(2) and 12(b)(3), the Court may consider materials outside the pleadings.

Plaintiff requests judicial notice of the following official public records, attached hereto as:

**EXHIBIT A**. A true and correct copy of Drexel's Statement and Designation by Foreign Corporation filed with the California Secretary of State on December 11, 2009 (Entity No. 3263696), together with the accompanying Certificate of Existence from the Tennessee Secretary of State, obtained from the records of the California Secretary of State. This record reflects that Drexel is registered to do business in California as a foreign corporation and has irrevocably consented to service of process in California.

**EXHIBIT B**. A true and correct copy of Drexel's Statement of Information filed with the California Secretary of State on October 9, 2024 (File No. BA20241796121), obtained from the records of the California Secretary of State. This record reflects Drexel's officers, its designation of a California agent for service of process (CSC – Lawyers Incorporating Service), and its description of its business as the manufacturing and wholesale of agricultural chemical products.

**EXHIBIT I**. A true and correct copy of the U.S. Bureau of Land Management's "Adjuvants Approved for Use on BLM Administered Lands" (updated January 6, 2017), obtained from the U.S. Bureau of Land Management. This record identifies multiple Drexel Chemical Company products approved for such use, several bearing California registration numbers (for example, 19713-50007-AA, 19713-50003-AA, 19713-50004-AA, and 19713-50002-AA).

**EXHIBIT J**. A true and correct copy of the California Department of Pesticide Regulation's First Quarter 2025/26 report of "Unregistered and Misbranded Pesticides and Failure to Pay Mill Fines and Settlements," obtained from the records of the California Department of Pesticide Regulation. This record reflects that Drexel paid a settlement of $28,479.00 under Case No. PQE 2024/25-74, dated July 14, 2025, concerning the product Drexel AMS-Xtra (EPA Reg. No. 19713-50010-AA).

**EXHIBIT L**. A true and correct copy of an Accusation filed by the California Department of Pesticide Regulation against Drexel (DPR Case No. R-19-005), dated August 14, 2019, obtained from the records of the California Department of Pesticide Regulation. This record reflects a California regulatory proceeding seeking cancellation of Drexel's California pesticide registrations Nos. 19713-520-AA (Drexel Chlorpyrifos 4E-AG) and 19713-671-AA (Drexel Lambdafos Insecticide).

Plaintiff further requests judicial notice of the following Internet Archive (Wayback Machine) captures of Drexel's "Terms of Use" page (drexchem.com/terms-of-use/), submitted as Exhibits N and O to the concurrently-filed Declaration of Vivek Shah:

**EXHIBIT N**. Exhibit N to the Declaration of Vivek Shah: a capture of Drexel's "Terms of Use" page as archived by the Internet Archive on November 17, 2017. This record reflects that, as of that date, Drexel's Website published a provision stating that the user "consent[s] to the exclusive jurisdiction and venue of courts in San Mateo County, California, U.S.A. in all disputes arising out of or relating to the use of the Drexel Chemical Company Web Site."

**EXHIBIT O**. Exhibit O to the Declaration of Vivek Shah: a capture of the same "Terms of Use" page as archived by the Internet Archive on April 8, 2025—a date within the period during which Plaintiff accessed the Website. This record reflects that the same California-forum provision remained published as of that date.

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of Exhibits A, B, I, J, and L attached hereto, and of Exhibits N and O to the Declaration of Vivek Shah, and the facts reflected therein.

Dated: June 4, 2026

/s/ Vivek Shah
Vivek Shah