Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
(224) 246-2874
newvivekshah@gmail.com

Plaintiff in Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIVEK SHAH,<br>Plaintiff,<br>v.<br>DREXEL CHEMICAL COMPANY,<br>Defendant. | Case No. 2:26-cv-01605-HDV-KES<br>Assigned to the Hon. Hernan D. Vera<br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND OF THE DISMISSAL OF DEFENDANT'S FIRST-FILED TENNESSEE ACTION** |

I submit this notice to bring to the Court's attention an order entered after the parties completed briefing on the matters set for hearing on June 25, 2026. On June 5, 2026, the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis entered an Order Granting Motions to Dismiss in *Drexel Chemical Co. v. Shah*, No. CH-26-0122 (the "Tennessee Order"), dismissing in its entirety the first-filed Tennessee declaratory-judgment action that Defendant Drexel Chemical Company filed against me. A true and correct copy of the entered order is attached as Exhibit A. The Tennessee Order bears on Drexel's Motion to Stay [ECF 20], on the parties' sanctions briefing [ECF 22, 26, 41], and on Drexel's renewed Motion to Dismiss [ECF 33].

## I. The dismissal of Drexel's first-filed Tennessee action moots Drexel's Motion to Stay [ECF 20].

Drexel's Motion to Stay rests entirely on the pendency of the Tennessee action and on Drexel's contention that the Tennessee forum should resolve the parties' dispute. The Tennessee

court has now dismissed that action for lack of subject-matter jurisdiction and, in the alternative, for lack of personal jurisdiction over me, for failure to state a claim, and under the Tennessee Public Participation Act, assessing costs against Drexel (Ex. A at 33). No parallel proceeding remains for this Court to defer to, and no basis exists on which this action could be stayed in favor of a dismissed case. Drexel's Motion to Stay is moot and should be denied.

**II. The Tennessee Order bears on the pending sanctions motions and on Drexel's request to sanction me.**

The controlling question on the sanctions motions [ECF 22, 26] and on Drexel's request that this Court sanction me in the amount of $59,612.30 [ECF 41] is whether I acted in bad faith or for an improper purpose. The Tennessee court, examining the same pre-suit conduct Drexel relies on here, held the opposite. It held that my demand letter was a protected "communication" and that threatening litigation is widely recognized as First Amendment-protected speech, collecting authority that a plaintiff's threat to sue is protected conduct under the First Amendment (Ex. A at 28). It held that my demand letter addressed a matter of public concern and constituted protected petitioning activity (Ex. A at 27–31). And it held that it was Drexel's preemptive declaratory action that "in essence deploys a long-forbidden tactic employed by defendants-to-be," that such preemptive strikes are improper, and that a suit aimed solely at wresting the choice of forum from the natural plaintiff will normally be dismissed (Ex. A at 24–25). On that basis the court granted my petition under the Tennessee Public Participation Act and awarded me my fees and costs against Drexel (Ex. A at 32–33). A court that examined the very conduct Drexel labels "extortion" has thus held that conduct constitutionally protected and has shifted fees against Drexel — not me. The same findings bear on Drexel's renewed Motion to Dismiss [ECF 33] to the extent it reasserts that I lack a bona fide purpose for my claims.

This authority issued after briefing closed on each of these matters. Because this is a notice and not a motion, the conference requirement of Local Rule 7-3 does not apply.

Dated: June 5, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah